BOB JOE TEMPLEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Templeman v. Commissioner
Docket No. 1179-90
United States Tax Court
T.C. Memo 1991-565; 1991 Tax Ct. Memo LEXIS 612; 62 T.C.M. (CCH) 1237; T.C.M. (RIA) 91565; November 21, 1991, Filed *612 Decision will be entered under Rule 155. Bob Joe Templeman, pro se. William I. Miller, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION Respondent determined deficiencies in Federal income tax and additions to tax for petitioner's 1986 tax year as follows: Additions to Tax, Section Deficiency
6653(a)(1)(A) [1]
6653(a)(1)(B)
6651(a)(1)
6661(a)
6654(a)
$ 7,589.51
$ 379.47
*
$ 1,247.37
$ 1,247.37
$ 210.18
After concessions, the issues for our decision are as follows: (1) Whether petitioner failed to report compensation and interest income; (2) whether petitioner is liable for self-employment tax; (3) whether section 1211(b) limits petitioner's short-term capital loss deduction; (4) whether petitioner is liable for the additions to the tax pursuant *613 to sections 6653(a)(1)(A) and (B) (negligence), 6651(a)(1) (failure to file), and 6654(a) (failure to pay estimated income tax); and (5) whether petitioner's position in the proceeding is frivolous pursuant to section 6673. [2]
Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois, at the time the petition in this case was filed. [3]
*614 During 1986, petitioner worked for Kranzten Studio, Inc. (Kranzten). With regard to his employment at Kranzten, petitioner received a Form W-2 indicating petitioner received $ 14,163.54 in wages. At trial, petitioner admitted actually receiving those wages. Petitioner also admitted to receiving $ 5,305 from Art Associates, Ltd., in 1986 (Associates). With regard to this amount, petitioner received a Form 1099 from Associates, indicating that petitioner received $ 5,305 in nonemployee compensation. Also in that same year petitioner received three other Forms 1099 indicating that he received a total of $ 9,161.36 in interest income and $ 2,415 in unemployment compensation. At trial, petitioner admitted actually receiving this amount of interest and unemployment compensation. Finally, in 1986, petitioner incurred a net short-term capital loss of $ 23,460 [4]. Despite all of this, petitioner failed to file a 1986 Federal income tax return. *615 At trial, petitioner failed to present any credible evidence whatsoever. Rather, petitioner raised numerous arguments, all of which have been rejected by the courts. For example, petitioner argued that he did not have to file a return because Federal Reserve Notes must be converted into dollars, and, after conversion, petitioner did not have sufficient income to warrant the filing of a return. Petitioner also argued that only gains are taxable and that wages represent amounts received in a nontaxable exchange for services rendered. We summarily reject these arguments. . Upon review of the record, we find petitioner erroneously failed to file a 1986 Federal income tax return and failed to report $ 14,163.54 in wage income and $ 9,161.36 in interest income. Further, we find that all $ 2,415 of petitioner's unemployment compensation is gross income and that petitioner failed to report it. See sec. 85(a). With regard to the $ 5,305 received from Associates, petitioner failed to report this as income and failed to prove that this income was not subject to self-employment tax. Further, we find that section 1211(b) *616 limits petitioner's capital loss deduction to $ 3,000 for 1986. Finally, respondent has determined that petitioner is liable for additions to tax pursuant to sections 6653(a)(1)(A) and (B), 6651(a)(1), and 6654(a). Petitioner has presented no credible evidence to the contrary. Thus, we sustain respondent's determination. Respondent also contends that petitioner has raised frivolous arguments and thereby requests the Court to find petitioner liable for a penalty pursuant to section 6673. This section provides whenever it appears to the Court that the taxpayer's position in the proceedings is frivolous or groundless, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. While we recognize that respondent conceded certain issues during pretrial negotiations, petitioner's arguments found in his lengthy trial memorandum, his brief, and those heard at trial are frivolous and groundless. Therefore, pursuant to section 6673, we require petitioner to pay a penalty of $ 3,000 to the United States. See Decision will be entered under Rule 155. Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. An amount to be determined. ↩
2. Section 6673 was amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, which changed the term "damages" to "penalty" and increased the amount which can be imposed from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date.↩
3. For purposes of clarity and convenience, the findings of fact and the opinion have been combined.↩
4. The net short-term capital loss is composed of $ 4,660 in short-term capital gain and $ 28,120 in short-term capital losses.↩